The arguments are two-fold. One, the challenged conditions of supervised release are substantively unreasonable, and in addition, their procedure is unreasonable. As to the substantive unreasonable argument, we maintain that there is nothing in the record to show that there has been a threat of harm to children. And we maintain that under this case, this Court's jurisprudence, that is a prerequisite to a fine to a, to the substantive reasonableness of a condition such as the ones that we're challenging here. It appears to me that our adversary does not take issue with our claim in his brief that, that this Court's rule is that a showing must be made that the defendant poses a risk of harm to children in order for this, for this type of condition, for these type of conditions to be substantively reasonable. I don't see the argument in their brief at all. In addition, I think that the record reflects that the government does not believe that my client is a harm to children. In fact, the district court didn't either. My reasons for saying that are as follows. My client lived in the Bronx. He was discovered with his telephone in upstate. And that's where the video was found, on the telephone. At no point did the government make any effort, at least the record doesn't show that they did, to go and looking to get a warrant for his home and for his home computer to see if he had any more than this one single video. I think that the reason that they didn't do that, or at least the record doesn't reflect that they did that, is because they didn't believe that this video showed him to be a, for lack of a better term, extended sex offender. There was no objection at the time of the sentence to this condition, if I understand the record correctly, right? I agree. All right. Now, was any effort made to ask the district court to modify or alter this condition? Because you can do that, and it always seems surprising to me that people come to us first, rather than just asking the district court to modify the condition. Well, trial counsel filed a notice of appeal, and he moved to be relieved on the case. Okay, and so the answer is no when you're arguing to us, I understand. Yes, thank you. The answer is no, yes. And yeah, I don't have, I suppose I could have gone to the district court and asked to be assigned. I didn't. And I also believe that the record shows that the district court didn't believe that my client was a threat to harm children, because under Count 5, which is the child pornography offense, the court had the discretion to sentence the defendant as far as supervised release, anywhere from 5 to life. The court imposed 5 years, the absolute minimum. If the court really, I submit, that if the court really believed that my client was a threat to children such that these supervised release conditions had to be applied, then the court would have imposed a longer sentence of supervised release, other than 5 years. Because come 5 years, when this is, when his sentence is finished under supervised release, these conditions obviously collapse. They're not there anymore. How do you meet the plain error standard? I mean, what was plainly erroneous about this under our case law? Well, as far as the substantive reasonableness, I'm going to get to the procedural reasonableness, and I'll argue then. I think that the error is plain, that this Court's jurisprudence is such that the, it has to show a threat of harm to children in order to impose the condition. I think that my client suffered prejudice for purposes of the third prong, because it's, he has 5 children, at least. He has more, actually, but I'm not going to, the PSR reflects that he has 5. It's an onerous condition to every single time you want to, you know, take your children and accompany them on a play date, or accompany them in school, or accompany them on a family event, and other children are going to be present, to have to go seek law enforcement's approval every single time you want to do that. And I maintain that the third prong is satisfied. So was the plain error that the district court did not make an explicit finding of dangerousness to children, and it's not enough for us to look at the record and say, well, she had, she made an individualized assessment. It wasn't just his conviction. And there were some facts in the record suggesting an interest in, a sexual interest in children. I'm not familiar with those. Excuse me for interrupting. I'm sorry. What were you going to say? I don't believe that there are, there is anything in the record. There's a picture on his phone. That's the, that's the crime. That's the crime. No, the crime was smuggling aliens. No, that's crime count 5. That is count 5, but there's also the fact of the picture on his, the photograph on the, or the video on the phone. He possesses a single video of child pornography. That's, that's it. So it was plainly erroneous from that to, to make a determination that he might be a danger to children. Yes. It's insufficient for that purpose. The single, the single video, that's correct. If I can move on to procedural reasonableness. It was our contention that the, that no individualized assessment was made. All the Court said was, is that, that by virtue of having this video, that warrants these, these conditions. I point the Court to its decision in Deutsch, which I argue in my brief, where Judge Block had said, basically these conditions come with this type of conviction. And this Court found that that did not amount to an individualized assessment. And I don't see how it's any different where Judge Block said, basically this type of condition comes with this type of conviction. And saying, where Judge Stata said, I'm imposing this based on the conviction itself. I don't see a material distinction between those two. So I urge that simply saying that the nature of the conviction warrants this condition, standing alone, does not amount to an individualized assessment. And to the extent that it does amount to an individualized assessment, this Court's decisions in Haverkamp and Sims hold that any explanation provided by the Court must be adequately supported by the record. It is our contention that, that this single video, standing alone, is insufficient to adequately support the determination to the extent the Court to the extent this Court finds that invocation of the nature of the conviction alone, that is, the nature of the statute alone, is sufficient to warrant the condition. Finally, I had asked the government to provide the Court with a copy of the video. Because, you know, in all these cases, the offender, their computers are chock full of videos, hundreds of videos, thousands of videos, thousands of images in simple possession cases, not to mention cases that involve exploitation or enticement and things like that, where this Court has also thrown out this type of condition or at least vacated it. The government says in its brief that we're not delivering the video to the Second Circuit for two reasons. One, and I'll finish up. One is that it poses a risk that there's going to be further distribution. I think if they deliver it to the marshal's office and the marshal's office delivers it to this Court, and this Court returns it to the marshal's office, who in turn returns it to the U.S. attorney, I don't think there's a risk of distribution. Second, the other reason that the government claims that there's no need for the video is because there's no disputed facts concerning the video. The district court found either that the child in the video was either under the age of 12 or was prepubescent. And constantly in their brief, they're claiming that the child was prepubescent, the child was prepubescent. I submit if the Court reviews the video, it will conclude that the child was not prepubescent, that the child was an adolescent. To the extent that impacts its decision, I would urge the Court to review the video. It's very helpful. Can I just ask, is your client still in the country? Yes. No deportation proceedings have commenced, he tells me, and the government tells me that as well. For what it's worth, Your Honor, when I reviewed the video, I was with an agent of the CBP, Customs and Border Patrol. He told me that when a person is a green card, they don't commence deportation proceedings until the appeals are over. Yes. He lives in Queens. Thank you. Thank you. Good morning, and may it please the Court. Joshua Rothenberg for the government. And with me at counsel's table is John Sarcone, who serves as acting United States attorney for the Northern District of New York. Your Honors, I'd like to start with the procedural reasonableness here. Judge Sanis looked at the facts of this case, not the fact of conviction, as counsel says, the facts of conduct, what the defendant actually did in this case. As this Court made clear earlier this year in United States v. Thompson, that is an individualized assessment. Turning to substantive reasonableness, unless the Court has questions, the facts of this case that Judge Sanis cited supported the challenged conditions here. In fact, in United States v. Delaney, this Court held that an image involving or child pornography involving prepubescent minors is sufficient to impose the types of child contact conditions that were imposed here, and that's what the Court did. In terms of the truth verification examination, the District Court noted how the child pornography was uncovered, specifically while the defendant was committing another crime. We also think there's adequate support in the record otherwise. Moreover, the standard is plain error, and the defense has not pointed to any case where an explanation like the one given here or a situation like the one given here substantively has caused this Court to reverse. Can I just ask, you repeatedly in your briefs, including this one, pointed to our relaxed plain error standard and suggested that it's been abrogated by recent Supreme Court precedent and we should revisit that issue. Do you mind speaking to that for a moment? Absolutely, Your Honor. So this Court first started relaxing the plain error standard about a quarter of a century ago before the Supreme Court had applied traditional plain error in any case, and this Court focused on the fact that the Supreme Court had never applied what it called the Olano formulation of the plain error standard to a sentencing case. Since Sofsky and Williams, where this Court said that, the Supreme Court has, in fact, applied the full panoply of plain error to a number of sentencing cases, most recently Davis. And in Davis, the Court made clear that it was not shielding any category of error from the plain error standard. Given that, Your Honor, we believe that the reasoning of Sofsky and Williams has been fully undermined by the Supreme Court, and therefore the relaxed plain error standard is no longer compliant, respectfully, with Supreme Court case law. And do you think that it is the rule in the law in the Second Circuit applying that standard, which I understand you say is abrogated by Supreme Court precedent, but that our rule is that we apply the relaxed plain error standard when there's a failure to object and there was advanced notice of the challenged condition or whatever at sentencing? No, Your Honor. We understand that the Second Circuit applied that standard prior to Davis, certainly, when there was no notice prior to sentencing. So when the district court announces it for the first time on the bench at sentencing, that's the Dukes case, as well as more recently this year, I believe, this Court has said it twice in, I believe, Robinson and Lewis. However, defendants often raise the relaxed plain error standard in cases like this one, where this Court's precedent makes clear it didn't apply even prior to Davis, and the government has to reserve all of its arguments, including that that standard is not good law because we do not know if the Court will ultimately agree with us when we submit our brief. Your Honors, I'd be happy to take any questions if the Court has. Otherwise, I'd ask you to affirm. Thank you. In the case Delaney, upon which is their primary reliance, and they've relied on it in their brief as well as here, Delaney had over 15,000 images and 290 videos involving minors engaged in sexually explicit conduct, which were discovered, as I recall, in his home. And so far as, you know, in all of the Court's cases, I don't mean to minimize my client's crime here in any way, but in all of the Court's cases regarding sexual offenders who possess child pornography, this is the most tepid of them all. That is before the Court. And, you know, I'm not asking that the Court rely on my client's claim that, you know, someone had sent this to him in a group chat on his phone, and that's how he came to possess it. Certainly you don't have to rely on that if you choose not to. But it's entirely consistent with the evidence, and it's entirely consistent with the government's decision not to obtain a search warrant for his home. I would just point the Court, it does appear to me to still remain an open issue about whether or not on the relaxed error standard. And I would point the Court to its recent decision in the United States. This is Mello, M-E-L-O, 2024 Westlaw, 482775. I gave my adversary notice that I would be arguing this case today if this issue came up. Judge Raggi was on that panel. And the Court does appear to state that it remains an open issue. The Court states that it remains an open issue as on the relaxed error standard. Thank you for your consideration. Thank you both. And we will take the matter under advisement.